UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Falo Shabani, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br><br><br>  -v.-<br><br>Rubin Lublin LLC,<br>Deutsche Bank National Trust Company,<br>Franklin Credit Management Corp.<br>and John Does 1-25,<br><br>        Defendant(s). | Civil Action No:<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Falo Shabani (hereinafter, "Plaintiff" or "Shabani"), a Georgia resident, brings this Class Action Complaint by and through his attorneys, Mason Law Group, P.C., against Defendant Rubin Lublin LLC (hereinafter "Defendant Rubin"), Defendant Deutsche Bank National Trust Company (hereinafter "Defendant Deutsche") and Defendant Franklin Credit Management Corp. (hereinafter

1

"Defendant Franklin") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing

consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1392(b)(1) as this is the district where Defendant Rubin's primary place of business is located.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Georgia consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Georgia, County of Dekalb, residing at 6800 Peachtree Industrial Blvd, Apt. N3, Atlanta, GA 30360.

9. Defendant Rubin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3145 Avalon Ridge Place, Ste 100, Peachtree Corners, GA 30071.

10. Defendant Deutsche is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 300 South Grand Avenue, 41st Floor, Los Angeles, CA 90071.

11. Defendant Franklin is a "debt collector" as the phrase is defined in 15 U.S.C. §1692(a)(6) and used in the FDCPA with an address at 101 Hudson Street, Jersey City, NJ 07302.

12. Upon information and belief, Defendant Franklin is the mortgage servicer for the debt currently owned by Defendant Deutsche.

13. As an agent of Deutsche Bank, Defendant Franklin is also liable for violations of the FDCPA.

14. Upon information and belief, Defendant Rubin, is a company that uses the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

15. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

16. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

17. The Class consists of:

   a. all individuals with addresses in the State of Georgia;

   b. to whom Defendant Rubin sent an initial collection letter attempting to collect a consumer debt;

   c. that overshadows the consumer's ability to dispute the debt by threating to sue within 10 days of the letter;

   d. as well as fails to disclose that the statute of limitations to file a lawsuit to collect the debt has lapsed and if a payment is made it would restart the statute of limitations,

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

18.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

19.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

20.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

21.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is

committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

26. On or around September 8, 2006 an obligation was allegedly incurred to LoanCity.

27. The LoanCity obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes. Specifically, the LoanCity funds were used by Plaintiff for personal property uses.

28. The alleged LoanCity obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. LoanCity is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

30. LoanCity or a subsequent owner of the LoanCity debt contracted with the Defendant Rubin to collect the alleged debt.

31.   Defendant Rubin collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *August 24, 2017 Collection Letter*

32.   On or about August 24, 2017, Defendant Rubin sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant Deutsche. **See Exhibit A.**

### *Violation I*

33.   When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

These required disclosures are commonly known as "the G-Notice."

34.     Defendants' Letter completely misstates the consumer's rights and responsibilities under the G-Notice in that it:

    a.    Advises the consumer that any dispute of the debt must be <u>in writing</u>, which is false, since the dispute for purposes of not allowing the debt collector to assume the debt to valid can be made in any form.

    b.    Fails to advise the client that if they submit a written request the debt collector must provide verification of the debt; and

    c.    Fails to advise the consumer that if they submit a written request the debt collector must provide the name of the original creditor to whom the alleged debt is owed.

35. These false and inaccurate statements and omissions are deceptive and misleading as Defendant fails to advise Plaintiff of the proper method for exercising his validation rights under the FDCPA.

36. Plaintiff sustained an informational injury as he was not fully apprised of his rights and responsibilities necessary to exercise his rights under the G-Notice.

37. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the G-Notice requirements set forth in the FDCPA.

38. As a result of Defendant's false, deceptive and misleading debt collection practices, Plaintiff has been damaged.

### *Violation II*

39. The final sentence of the Letter reads "This matter warrants your immediate attention as Deutsche Bank is prepared to take prompt legal action to collect these sums due."

40. Defendants are aware that the underlying debt is more than six years old.

41. Pursuant to Georgia state law, the statute of limitations to sue to collect a debt is six years.

42. The Defendants' threat to sue Plaintiff is a false statement to take an action which it cannot legally take.

43. Further, the threat of a lawsuit overshadows the "g-notice" language and coerces the consumer not to exert her rights under the Fair Debt Collection Practices Act.

44. Stating that Defendant may sue is materially misleading to Plaintiff since it a knowingly false statement.

45. Plaintiff incurred an informational injury as Defendant falsely stated it would sue her when that action is a legal impossibility.

46. Additionally, the letter fails to inform the consumer that if he makes a payment on the debt he will restart the statute of limitation on the debt which then allows him to be sued for collection of the debt again.

47. Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as she believed she must pay immediately to a lawsuit or negative credit reporting.

48. Furthermore, Defendant's false and misleading threat to sue violates §1692e as it is a threat of legal action which cannot legally be taken.

49. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### *Violation III*

50. Defendants' Letter further overshadows the G-Notice by demanding payment within ten (10) days of the consumer's receipt of the letter.

51. The G-Notice affords the consumer 30 days from the date the consumer receives the letter to contact the debt collector to request verification of or dispute the debt.

52. Requiring payment before the consumer's 30-day G-Notice rights have expired overshadows the consumer's rights leading him to believe he only had 10 days to pay the debt when, in fact, he had 30 days to exercise his rights under the FDCPA.

53. Not only is the "10-day payment requirement" overshadowing but it is a deceptive and misleading collection tactic by Defendants.

54. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendants violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By falsely representing that it could sue the consumer despite that the statute of limitations had run on the debt;

   c. By threatening to take legal action that could not legally be taken under the FDCPA.

   d. By making a false and misleading representation in violation of §1692e(10).

59. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

62. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;

   2. The name of the creditor to whom the debt is owed;

   3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

       portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63. The Defendants violated 15 U.S.C. §1692g by

    a. Falsely and inaccurately stating the Plaintiff's rights and responsibilities of the G-Notice as required by the FDCPA.

    b. Threating to sue even though the statute of limitations for bringing a lawsuit had expired, completely overshadowing the "g-notice" language which coerces the consumer not to exert his rights under the FDCPA.

  c. Demanding payment of the debt within 10 days thereby overshadowing the consumer's "g-notice" 30-day period to dispute or validate the debt.

64. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Falo Shabani, individually and on behalf of all others similarly situated, demands judgment from Defendant Rubin Lublin, LLC, Defendant Deutsche Bank National Trust Company and Defendant Franklin Credit Management Corp. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Mason, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3.  Awarding Plaintiff and the Class actual damages;

4.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 23, 2018                    Respectfully Submitted,

**MASON LAW GROUP, P.C.**

*/s/ Jonathan B. Mason*
Jonathan B. Mason, Esq.
GA Bar No. 475659
1100 Peachtree St. NE, Ste 200
Atlanta, GA 30309
Phone: (404) 920-8040
Fax: (404) 920-8039
jmason@atlshowbizlaw.com
*Attorneys for Plaintiff*

## **Certificate of Compliance With Local Rule 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Dated: August 23, 2018                     Respectfully Submitted,

**MASON LAW GROUP, P.C.**

*/s/ Jonathan B. Mason*
Jonathan B. Mason, Esq.
GA Bar No. 475659