**IN THE UNITED DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FALO SHABANI, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action 1:18-CV-4011 |
| RUBIN LUBLIN, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; FRANKLIN CREDIT MANAGEMENT CORP.; and JOHN DOES 1-25, | ) ) ) ) ) ) | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | ) ) | |

Defendants Rubin Lublin, LLC ("Rubin Lublin"), Deutsche Bank National

Trust Company ("Deutsche Bank"), and Franklin Credit Management Corp

("Franklin") (Rubin Lublin, Deutsche Bank, and Franklin are collectively referred

to herein as "Defendants") hereby move the Court to dismiss all claims asserted in

Plaintiff's Complaint. All claims should be dismissed with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(6) because:

- Plaintiff has failed to provide a factual basis from which the Court could

  plausibly find that Defendants are "debt collectors" under the FDCPA;

Page - 1 -

- Plaintiff has failed to sufficiently show that the obligation at issue is a "consumer debt" under the FDCPA;

- Deutsche Bank and Franklin cannot be vicariously liable under the FDCPA; and

- Plaintiff did not plead any actual damages under the FDCPA.

## I.  Allegations of Complaint

Plaintiff brings claims under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA"), allegedly arising from money Plaintiff borrowed through Loan City in September of 2006. (Compl. ¶¶ 6, 26-27, Doc. No. 1.) Plaintiff contends that Defendants are "debt collectors" as defined in 15 U.S.C. § 1692(a)(6) of the FDCPA. (Id. ¶¶ 9-11.) On August 24, 2017, Rubin Lublin sent a letter to Plaintiff regarding the outstanding debt arising from the September 2006 loan. (Id. ¶ 32.)

Plaintiff alleges that the August 24, 2017 letter: (1) misstates Plaintiff's rights and responsibilities under the FDCPA and contained false and inaccurate statements that mislead Plaintiff (id. ¶¶ 34-38); (2) falsely threatens to take legal action that it could not take (id. ¶¶ 39-49); and (3) improperly demands payment

within ten days (id. ¶¶ 50-54). Plaintiff has sued Defendants and John Does 1-25 for alleged violations of Sections1692(e) and (g) of the FDCPA. (Id. ¶¶ 55-64.)

## II. Pleading Standards

A complaint must plead sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555, 127 S. Ct. at 1965. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679, 129 S. Ct. at 1950 (internal quotation marks omitted).

## III. Argument and Citation of Authority

Plaintiff's Complaint fails to set forth a factual basis from which the Court could plausibly find liability against any of the Defendants under the FDCPA.

1. **<u>The Complaint Fails to Plausibly Assert that Defendants are "Debt Collectors."</u>**

Plaintiff has not sufficiently pleaded facts to support his allegation that Defendants are "debt collectors." In order to state a claim for a violation of the FDCPA, a plaintiff must show that (1) he has been the object of collection activity arising from consumer debt, (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. <u>Levine v. EverBank Fin. Corp.</u>, No. 1:16-CV-04543-SCJ-CMS, 2017 Dist. LEXIS 109323, at *24 (N.D. Ga. Feb. 10, 2017). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692(a)(6)(emphasis added).

Here, Plaintiff nakedly asserts that Defendants are "debt collectors" under the FDCPA:

9.

Defendant Rubin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3145 Avalon Ridge Place, Ste 100, Peachtree Corners, GA 30071.

10.

Defendant Deutsche is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 300 South Grand Avenue, 41st Floor, Lost Angeles, CA 90071.

11.

Defendant Franklin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 101 Hudson Street, Jersey City, NJ 07302.

(Compl. ¶¶ 9-11.) Plaintiff makes these conclusory allegations without providing factual support that any of the Defendants actually falls within the FDCPA's definition of a "debt collector." Specifically, Plaintiff makes no factual allegations that the principal purpose of any of the Defendants' businesses is to collect debts or that any of the Defendants regularly collects or attempts to collect debts owed to another. See 15 U.S.C. § 1692(a)(6). Because Plaintiff's Complaint does not plausibly allege that any of the Defendants is a "debt collector" under 15 U.S.C. § 1692(a)(6), all of his claims must be dismissed. See Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1316-18 (11th Cir. 2015) (affirming dismissal of FDCPA claim where the plaintiffs failed to provide a factual basis from which the court could plausibly infer that the principal purpose of the defendant's business was debt collection or that the defendant regularly collects debts owed to someone else); Schlegel v. Wells Fargo Bank, NA (In re Schlegel), 720 F.3d 1204, 1209-10

(9th Cir. 2013) (same); Fed. R. Civ. P. 12(b)(6); <u>Twombly</u>, 550 U.S. at 55, 127 S. Ct. at 1965; <u>Iqbal</u>, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.

### 2. <u>Plaintiff has Failed to Sufficiently Show a "Consumer Debt."</u>

The Complaint does not plead facts sufficient to show a consumer debt. Plaintiff must show an obligation "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. . . ." 15 U.S.C. § 1692(a)(5).

Plaintiff's Complaint merely recites the language set forth in 15 U.S.C. §1692(a)(5) and asserts that the funds he borrowed were for "personal property uses." (Compl. ¶ 27.) Under <u>Twombly</u> and its progeny, Plaintiff has not plead sufficient facts to support his conclusory allegation that the loan at issue was for a "consumer debt." Accordingly, Plaintiff's Complaint must be dismissed in its entirety for failing to state a claim. Fed. R. Civ. P. 12(b)(6); <u>Twombly</u>, 550 U.S. at 55, 127 S. Ct. at 1965; <u>Iqbal</u>, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.

### 3. <u>Franklin and Deutsche Bank Cannot be Vicariously Liable Under the FDCPA.</u>

Franklin and Deutsche Bank cannot be vicariously liable for the letter sent by Rubin Lublin because only "debt collectors" can be liable for violations under the FDCPA. Many courts have held that vicarious liability cannot be imposed on a principal company if that company does not meet the definition of "debt collector"

under the FDCPA. <u>See</u> <u>Agrelo v. Affinity Mgmt. Servs., LLC</u>, 841 F.3d 944, 953

(11th Cir. 2016); <u>see</u> e.g., <u>Wadlington v. Credit Acceptance Corp.</u>, 76 F.3d 103,

108 (6th Cir. 1996) ("We do not think it would accord with the intent of Congress,

as manifested in the terms of the Act, for a company that is not a debt collector to

be held vicariously liable for a collection suit filing that violates the Act only

because the filing attorney is a 'debt collector.'"); <u>Bent v. Smith, Dean & Assocs.,</u>

<u>Inc.</u>, No. 3:11-cv-66-J-TEM, 2011 WL 2746847 at *3 (M.D. Fla. July 14, 2011)

(holding under the FDCPA that only a debt collector can be vicariously liable for

the collection practices of its debt collecting agents.); <u>Deutsche Bank Trust Co.</u>

<u>Americas v. Garst</u>, 989 F. Supp. 2d 1194, 1201-02 (N.D. Ala. 2013). To allow

vicarious liability against companies that are not "debt collectors" would create

liability where none exists under the plain language of the FDCPA.

For the reasons mentioned above, Plaintiff has failed to set forth facts to

sufficiently show that any of the Defendants are "debt collectors." Even if,

*arguendo*, Rubin Lublin was a "debt collector" under the FDCPA (which it is not),

Deutsche Bank and Franklin cannot be vicariously liable for the letter Rubin

Lublin sent to Plaintiff (the only alleged wrongful act). There are no facts pleaded

to show that Deutsche Bank and Franklin are "debt collectors." In fact, the

Complaint does not allege any wrongdoing against them at all. Therefore, the Complaint fails to state a claim against Deutsche Bank or Franklin.

### 4. **Plaintiff has not properly pleaded claims for actual damages**

Plaintiff cannot recover any actual damages because he has not pleaded facts to establish any actual injuries resulting from the alleged violations of the FDCPA. "A plaintiff who does not plead or prove a specific injury will not recover actual damages under the FDCPA." Hazell v. Bank of Am., N.A., No. 1:12-CV-1707-JEC-JSA, 2012 WL 13014920, at *9 (N.D. Ga. Dec. 14, 2012) (citing Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989)), report and recommendation adopted, No. 1:12-CV-1707-JEC-JSA, 2013 WL 12248088 (N.D. Ga. Jan. 4, 2013).

In this case, Plaintiff requests actual damages but has not provided any facts to support actual damages. Accordingly, Plaintiff's claims for actual damages must be dismissed. See id.

## IV. Conclusion

For these reasons, the Court should grant Defendants' motion to dismiss (Doc. No. 11) and dismiss this lawsuit with prejudice.

This 12th day of October, 2018.

CARLOCK, COPELAND & STAIR, LLP


By:   s/ John C. Rogers
      JOHN C. ROGERS
      Georgia Bar No. 612741
      *jrogers@carlockcopeland.com*


191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
404-522-8220
404-222-9482 (fax)
  ..........
P.O. Box 56887
Atlanta, Georgia 30303


Counsel certifies that this brief has been prepared with Times New Roman

14 point type, one of the font and point selections approved by the Court in LR 5.1.

## CERTIFICATE OF SERVICE

I certify that I have this day served Defendants' Motion to Dismiss by filing

it with the Court's electronic filing system, which should deliver copies to:

Jonathan Mason
Mason Law Group, P.C.
1100 Peachtree Street, Suite 200
Atlanta, GA 30309

This 18th day of October, 2018.

s/ John C. Rogers
JOHN C. ROGERS
Georgia Bar No. 612741

Carlock, Copeland & Stair, LLP
191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
404-522-8220

6590831v.1